UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RANDY BELLE,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer WALID IBRAHIM, Shield No. 16017; MARSHALL WINSTON, Shield No. 4109; Police Officer VINCENT PIRA, Shield No. 1645; Police Officer DUSTIN MORROW, Shield No. 6079; Police Officer JASON PULVER, Shield No. 27393; Police Officer DEREK SIDDAL, Shield No. 19336; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 0965 (WFK)(LB)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff RANDY BELLE ("plaintiff" or "Mr. BELLE") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer WALID IBRAHIM, Shield No. 16017 ("IBRAHIM") and Police Officer Marshall Winston, Shield No. 4109 ("WINSTON"), Police Officer VINCENT PIRA, Shield No. 1645 ("PIRA"); Police Officer DUSTIN MORROW, Shield No. 6079 ("MORROW"); Police Officer JASON PULVER, Shield No. 27393 ("PULVER"); Police Officer DEREK SIDDAL, Shield No. 19336 ("SIDDAL") ; at all times relevant herein, was an officer, employee and agent of the NYPD. Defendants IBRAHIM, WINSTON, PIRA, MORROW, PULVER AND SIDDAL are sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 11:00 p.m. on August 15, 2013, plaintiff was lawfully operating his vehicle in the vicinity of 3002 Surf Avenue in Brooklyn, NY.

13. Plaintiff was driving his car to his mother's house. He had an unopened can of beer in his car.

14. Plaintiff stopped his car to talk to his friend.

15. Soon thereafter, several unidentified New York City Police Officers, including IBRAHIM, WINSTON, PIRA, MORROW, PULVER AND SIDDAL, approached plaintiff and ordered him to get out of his car. Plaintiff complied.

16. Plaintiff immediately provided identification, and asked the officers why

they detained him.

17. Angered by plaintiff's questions, the officers, including defendant IBRAHIM, WINSTON, PIRA, MORROW, PULVER AND SIDDAL, threw plaintiff to the ground and used excessive force to handcuff plaintiff.

18. Despite the fact that they had no probable cause to believe that he had committed any crimes or offenses, the officers placed plaintiff under arrest.

19. Plaintiff was then transported to the police precinct.

20. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the following crimes/offenses: Consumption of Alcohol in Public, (AC 10-125(B)); and Resisting Arrest, (PL 205.30).

21. At no point did the officers observe plaintiff commit any crimes or offenses.

22. Plaintiff was subsequently transported to Brooklyn Central Booking, and was arraigned thereafter in Kings County Criminal Court, where his case was assigned docket number 2013KN064012.

23. Plaintiff's subsequently accepted an adjournment in contemplation of dismissal.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

31. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### THIRD CLAIM
### Unreasonable Force

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. The individual defendants created false evidence against Plaintiff.

37. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

38. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Malicious Abuse Of Process**

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants issued legal process to place Plaintiff under arrest.

42. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

43. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **SIXTH CLAIM**
## Failure To Intervene

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   July 8, 2014
         New York, New York


                                              /ss/
                                    Robert Marinelli
                                    299 Broadway, 15th Floor
                                    New York, New York 10007
                                    (212) 822-1427
                                    robmarinelli@gmail.com

                                    *Attorney for plaintiff*